PROB 12C
(7/93)

# United States District Court
for the
# District of Alaska
Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: DEMIENTIEFF, Michael III      Case Number: A00-0056-002 CR

Sentencing Judicial Officer:     H. Russel Holland, Senior U.S. District Court Judge

Date of Original Sentence:     September 8, 2000

Original Offense:     Conspiracy, 21 USC 846

Original Sentence:     50 months imprisonment, 3 years supervised release, special conditions

Revocation Sentence:     3 months custody and 33 months supervised release

Revocation Sentence:     Time served and 30 months supervised release

Date Supervision Commenced:     September 3, 2005

Asst. U.S. Attorney: Stephan Collins     Defense Attorney: Kevin McCoy

## PETITIONING THE COURT

[ ] To issue a warrant
[X] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | The defendant has violated a mandatory condition of supervised release, "The defendant shall refrain from any unlawful use of a controlled substance," in that on or about September 17, 2005, in Anchorage, Alaska, the defendant used cocaine. This violation is a Grade C violation. |
| 2 | The defendant has violated the special condition of supervised release, "The defendant shall serve the first 6 months of the 30 month term of supervised release in a Community Confinement Facility," in that the defendant was unsuccessfully terminated from the Cordova Center on January 11, 2006. |

*Petition for Warrant or Summons*
*Name of Offender*       :       DEMIENTIEFF, Michael III
*Case Number*            :       A00-0056-002 CR

U.S. Probation Officer Recommendation:

The term of supervised release should be:

[X]   Revoked
[ ]   Extended for _____ year(s), for a total term of _____ years.

Respectfully submitted,

_____
Michael Pentangelo
Senior U.S. Probation/Pretrial Services Officer
Date: January 12, 2006

Approved by:

_____
Eric D. Odegard
Supervising U.S. Probation Officer

-2-

THE COURT ORDERS

[ ]  *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.  The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s).  The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.*

 The issuance of a summons.  The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s).  The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]  Other:

_____
H. Russel Holland
Senior U.S. District Court Judge

1/12/06
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(i), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge.  Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
## DISTRICT OF ALASKA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case Number: A00-0056-002 CR (HRH) |
| vs. ) | DECLARATION IN SUPPORT OF PETITION |
| Michael Demientieff, III ) | |

I, Michael Pentangelo, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Michael Demientieff, III, and in that capacity declare as follows:

On September 8, 2000, the defendant was sentenced to 50 months custody and 3 years supervised release with special conditions for drug treatment and testing; mental health treatment; and warrantless search/seizure subsequent to a conviction for Conspiracy, in violation of 21 USC 846.

On May 2, 2003, the defendant's three-year term of supervised release commenced.

On April 15, 2004, the defendant was sentenced to 3 months custody and 33 months supervised release with special conditions as imposed at original sentencing subsequent to a violation of supervised release charging use of cocaine and failure to comply with halfway house placement.

The defendant re-commenced supervised release on June 1, 2004. On July 29, 2005, the defendant was sentenced to time-served and 30 months supervised release with the first six months of supervised release to be served in a halfway house. This sentence followed a violation of supervised release wherein the defendant admitted to use of cocaine; failure to report for drug testing; and failing to maintain gainful employment.

On September 3, 2005 the defendant re-commenced supervised release for the 3rd time after two previous revocations. The probation officer moved to place the defendant in the halfway house yet upon the defendant's request, delayed placement until after the birth of his second child. Ultimately, the defendant was placed in the halfway house on September 20, 2005.

1

Prior to the defendant's placement at the Cordova Center, he admitted to using alcohol, marijuana and cocaine. The defendant admitted to using marijuana and cocaine prior to the commencement of supervision. Moreover, the defendant used alcohol and cocaine on or about September 17, 2005, after the birth of his child and before placement into the halfway house.

On or about January 3, 2006, the defendant received an authorized a pass to be with his family, specifically at his girlfriend, Brittany's residence. At some point during the day, the defendant became engaged in an argument with Brittany. The defendant proceeded to leave the residence with Brittany's car keys. Fearing the worst, Brittany contacted the police as the defendant does not have a valid driver's license. Ultimately, the situation was resolved without the police's assistance. However, subsequent to this incident, the defendant's passes to Brittany's residence were revoked.

On January 11, 2006, the defendant was unsuccessfully terminated from the halfway house. On January 10, 2006, the defendant requested a pass out from the facility for the purpose of shopping for a jacket. The defendant received authorization to go to the Army/Navy Store and 6th Avenue Outfitters. Surveillance was conducted on the defendant and it was determined that he had failed to proceed with his endeavor as authorized. It is believed that the defendant was spending time with his girlfriend and/or children instead.

Executed this 12st day of January, 2006, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

_____
Michael Pentangelo
Senior U.S. Probation Officer